IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BARBARA J. JOHNSON,  )
    Plaintiff,  )
  ) JUDGE
v.  ) MAGISTRATE JUDGE
  )
WAL-MART STORES EAST, LP,  )
  ) Case No.:
    Defendant.  )

## COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and alleges the following in her cause of action against Defendant for violations of 42 U.S.C. §1981; and the Family Medical Leave Act, 29 U.S.C. §2601 et seq.

### PARTIES

1. Plaintiff Barbara J. Johnson is a citizen and resident of Montgomery County, Tennessee.

2. Defendant Wal-Mart Stores East, LP, is a for-profit entity doing business in the State of Tennessee. Its principal office is located at 702 SW 8th Street, Bentonville, AR 72716. It can be served through its registered agent, C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

### VENUE AND JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. § 1391(b).

1

4. This Court has jurisdiction under 28 U.S.C. §1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. §1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

## FACTS

6. Plaintiff is an African-American woman born on June 9, 1940.

7. Plaintiff was an employee of Defendant for 17 years, working as a greeter at a Wal-Mart store in Clarksville, Tennessee.

8. Plaintiff had serious health conditions that sometimes required FMLA leave.

9. Plaintiff served in the Army, and the U.S. Department of Veterans Affairs rated her 100 percent service-related disabled, permanent.

10. On or about June 14, 2012, Plaintiff suffered a leg injury at work that caused a blood clot on her leg and required her to take FMLA leave.

11. Plaintiff suffered many instances of being treated more harshly or being held to higher standards than co-workers who were white and/or had not taken FMLA leave.

12. On or about January 19, 2013, Plaintiff received a first written warning for allegedly shopping while on the clock. The write-up contained inaccuracies. Other employees did the same thing, or worse, and were not written up.

13. On or about April 10, 2013, Plaintiff received a second written warning plus negative comments on her performance evaluation. She was accused of a variety of alleged infractions, including storing her personal belongings in a closet, taking breaks that were too long,

and talking to customers for too long. Other employees committed the same infractions, or worse, and did not receive written discipline.

14. On April 21, 2013, the Clarksville Leaf Chronicle newspaper ran an article that praised Plaintiff for her work at Wal-Mart and for her and her husband being trailblazing African-American entrepreneurs.

15. About this time, Defendant also received two letters from customers praising Plaintiff's work performance.

16. On June 26, 2013, Plaintiff filed a Charge of Discrimination with the EEOC, accusing Defendant of discriminating against her based on her race.

17. A short time later, Plaintiff's husband underwent a kidney transplant, leaving him unable to walk and requiring assistance to perform simple tasks like eating, dressing, and bathing. This serious medical condition required around-the-clock care at home.

18. Plaintiff requested FMLA leave to care for her husband beginning August 14, 2013.

19. Defendant denied FMLA leave to Plaintiff in a letter dated August 20, 2013, alleging that she was not eligible.

20. Plaintiff requested to use Personal Leave time to care for her husband.

21. In a letter to Plaintiff dated August 29, 2013, Defendant wrote, "Based on our review, we have determined that your request for leave is not covered for the below reason: ENTER REASON HERE."

22. Forced to choose between work and caring for her husband, Plaintiff submitted to constructive discharge from the job she faithfully performed for 17 years. On September 4, 2013, she wrote a document requesting to retire from Wal-Mart so she could care for her husband.

## COUNT ONE
## Violations of the Family Medical Leave Act

23. Defendant violated the FMLA by rejecting Plaintiff's request to take FMLA leave to care for her husband.

24. Defendant also violated the FMLA by retaliating against Plaintiff for taking FMLA leave for prior medical conditions.

25. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, loss of income as well as other employment benefits, which entitles her to compensatory damages, reinstatement, back pay, front pay, and attorney's fees and costs.

## COUNT TWO
## Violations of 42 U.S.C. 1981

26. Defendant repeatedly disciplined Plaintiff for alleged infractions while white co-workers were not disciplined for doing the same actions – or worse. Because of her race, she was held to higher standards, written up, given poor evaluations, and denied pay increases that white employees received.

27. Defendant's constructive discharge of Plaintiff was pretextual, to cover Defendant's motive to fire Plaintiff because of her race, because she complained about race discrimination, and because she attempted to exercise her FMLA rights. White employees were not forced to quit when they requested FMLA leave.

28. Defendant's actions were part of a knowing and intentional pattern of discrimination and retaliation in violation of the 42 U.S.C. §1981.

29. As a direct and proximate result of Defendant's violation of 42 U.S.C. §1981, Plaintiff has suffered and continues to suffer loss of income and other employment benefits, and

suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain along with other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practices that discriminate on the basis of race.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,

ANDY L. ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR # 17857
131 Saundersville Road, Suite 110
Hendersonville, TN 37075
Phone: (615) 933-0110
Fax: (615) 265-8766
andy@andylallman.com