IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BARBARA J. JOHNSON )
)
v. ) NO. 3-15-0485
) JUDGE CAMPBELL
WAL-MART STORES EAST, L.P. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 22). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

INTRODUCTION

Plaintiff has sued her former employer, Defendant Wal-Mart Stores, for alleged employment discrimination in violation of the Family and Medical Leave Act ("FMLA") and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff alleges that she was discriminated against because of her race and that she was denied FMLA leave to which she was entitled. Plaintiff also contends that she was constructively discharged from her job in retaliation for her attempt to exercise FMLA rights and in retaliation for her complaints about race discrimination.

Defendant has moved for summary judgment, arguing that Plaintiff has admitted Defendant granted her all the FMLA leave for which she was eligible and that she voluntarily retired from her job to take care of her husband full-time. Defendant also contends that Plaintiff cannot show that she was subjected to any adverse employment actions or treated less favorably than similarly-situated co-workers as a result of her FMLA leave or because of her race.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FAMILY AND MEDICAL LEAVE ACT

The FMLA recognizes two types of claims: interference claims, in which employers burden or outright deny substantive statutory rights to which their employees are entitled; and retaliation claims, in which employers initiate adverse employment actions against employees for exercising their FMLA rights. *Romans v. Michigan Dept. of Human Servs.*, 668 F.3d 826, 840 (6th Cir. 2012).

To establish that Defendant interfered with her FMLA rights, Plaintiff must show that (1) she was an eligible employee, (2) Defendant was an employer subject to the FMLA, (3) she was entitled

2

to leave under the FMLA, (4) she gave Defendant notice of her intention to take FMLA leave, and (5) Defendant denied her FMLA benefits to which she was entitled. *Romans,* 668 F.3d at 840.

To be eligible for FMLA leave, an employee must have been employed by the employer at issue for the preceding 12 months and must have put in at least 1,250 hours or service during that time. 29 U.S.C. § 2611(2)(A). When Plaintiff requested FMLA leave beginning on August 14, 2013, to care for her husband, she had worked only 1,058.04 hours in the 12-month period preceding her request. Therefore, Plaintiff was not "eligible" for or entitled to FMLA leave, and Defendant did not deny her FMLA benefits to which she was entitled.

Plaintiff's only dispute with this reason for the denial of FMLA leave is her statement, with no citation to authority or the record, that she "believes" her hours were cut purposefully as to disqualify her from attaining FMLA covered leave. Plaintiff has not shown that she was eligible for FMLA leave, and therefore, she cannot establish the first, third or fifth element of an FMLA interference claim.

Thus, Plaintiff has failed to establish a *prima facie* case of FMLA interference, and that claim is dismissed.

An employer may not retaliate against an employee for taking FMLA leave. 29 U.S.C. § 2615(a)(2); *Hunter v. Valley View Local Schools*, 579 F.3d 688, 690 (6th Cir. 2009). Plaintiff can establish a *prima facie* FMLA retaliation claim by showing that (1) she engaged in protected activity; (2) Defendant was aware of the protected activity; (3) she was subject to an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *Demyanovich v. Cadon Plating & Coatings, LLC*, 747 F.3d 419, 432-33 (6th Cir. 2014).

Plaintiff engaged in protected activity by taking FMLA leave prior to 2013 and by requesting FMLA leave in 2013, and Defendant was aware of that protected activity. The adverse employment actions Plaintiff alleges are a First Written Coaching, a Second Written Coaching, negative performance evaluations, and constructive discharge. But Plaintiff has failed to show any evidence of a casual connection between her exercise of or attempt to exercise FMLA rights and any alleged adverse employment action. Plaintiff has admitted that she is not aware of any statements by her managers or decision makers relating to her FMLA leave as a reason for any decisions with regard to her employment. She has admitted that she was not treated differently as a result of taking or requesting FMLA leave. Moreover, as discussed below, the coachings and performance evaluations are not "adverse employment actions" and Plaintiff has not shown that she was constructively discharged.

Therefore, Plaintiff has failed to establish a *prima facie* case of FMLA retaliation, and that claim is dismissed.

## SECTION 1981

Section 1981 prohibits intentional racial discrimination in the making and enforcing of both public and private contracts, including the making, performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. 42 U.S.C. § 1981. The elements of a *prima facie* case, as well as the allocations of the burdens of proof, are the same for employment claims stemming from Section 1981 and Title VII. *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004).

Plaintiff must show that (1) she was a member of a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) she was replaced by

4

someone outside the protected class or was treated differently from similarly-situated non-protected employees. *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

Plaintiff is a member of a protected class, but she has not shown that she suffered an adverse employment action. An adverse employment action is a materially adverse change in the terms or conditions of employment because of the employer's conduct. A "materially adverse" change must be more disruptive that a mere inconvenience or an alteration of job responsibilities. *Mitchell v. Vanderbilt University*, 389 F.3d 177, 182 (6th Cir. 2004). As admitted through Defendant's Statement of Undisputed Facts, Plaintiff did not receive a change in pay, position or employment status as a result of the First Written Coaching, the Second Written Coaching or the negative evaluations she received. Plaintiff has offered no evidence that she was demoted, received less pay, lost benefits, or was given a less distinguished title because of her race.

Plaintiff has not shown that she was replaced by someone outside the protected class or that similarly-situated non African-American employees were treated better than she was. Plaintiff has admitted that a Caucasian employee received the same First Written Coaching that she did for similar conduct and that a Caucasian employee was denied FMLA leave because she also had not worked the required 1,250 hours in the preceding 12 months. Plaintiff's arguments at pages 11 and 13-15 of her brief cite to pages and documents which are not in the record before the Court.

The supervisor who gave Plaintiff her First Written Coaching was African-American, and Plaintiff never complained that either the coachings or the negative performance evaluations were the result of race discrimination. Moreover, Plaintiff has admitted that she is not aware of any statements by her managers related to her race.

5

Plaintiff has failed to establish a *prima facie* case of racial discrimination under Section 1981, and that claim is dismissed.

Retaliation claims under Section 1981 are analyzed under the same framework as retaliation claims under Title VII. *Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc.*, 2016 WL 2927983 at * 8 (M.D. Tenn. May 19, 2016). Thus, Plaintiff must show that (1) she engaged in protected activity, (2) Defendant knew she was engaged in protected activity, (3) Defendant subsequently took an adverse employment action against her, and (4) the adverse action was causally related to the protected activity. *Id.* Plaintiff must show that the employer would not have taken the adverse employment action but for the design to retaliate. *Id*.

As with her FMLA claim, Plaintiff engaged in protected activity by filing a racial complaint, and Defendant knew about that protected activity; but Plaintiff has failed to show that adverse employment actions were taken against her or that there was any causal connection between her protected activity and an adverse employment action.

Plaintiff has admitted she is not aware of any statements by her managers related to her race and that she never complained about race discrimination to anyone at Wal-Mart. It is undisputed that she never received any coachings or negative evaluations after she filed her racial discrimination charge. Therefore, there were no adverse employment actions in response to her protected activity.

Plaintiff has not shown a *prima facie* case of retaliation under Section 1981, and that claim is dismissed.

## CONSTRUCTIVE DISCHARGE

Constructive discharge, under either FMLA or Section 1981, requires a determination that working conditions were so difficult or unpleasant that a reasonable person in the employee's shoes

6

would have felt compelled to resign. *Norman v. Rolling Hills Hospital, LLC,* 820 F.Supp.2d 814, 823 (M.D. Tenn. 2011). In order to demonstrate constructive discharge, Plaintiff must show that (1) Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) Defendant did so with the intention of forcing Plaintiff to quit, and (3) Plaintiff actually did quit. *Verges v. Shelby County Sheriff's Office*, 721 F.Supp.2d 730, 748 (W.D. Tenn. 2010).

The Sixth Circuit has identified a number of factors that a court should consider for purposes of determining the first prong of the constructive discharge inquiry: (1) demotion, (2) reduction in salary, (3) reduction in job responsibilities, (4) reassignment to menial or degrading work, (5) reassignment to work under another supervisor, (6) badgering, harassment or humiliation by the employer calculated to encourage the employee's resignation, (7) offers of early retirement or continued employment on terms less favorable than the employee's former status. *Verges*, 721 F.Supp.2d at 748. Plaintiff has shown none of these factors, nothing to indicate that Defendant deliberately created intolerable working conditions with the intention of forcing Plaintiff to quit.

Plaintiff admitted in her deposition that she was not terminated; she retired. "I retired. I got a lifetime discount card. I was never fired. I wasn't terminated. I got a lifetime discount card. I was retired." Docket No. 24-1, p. 37 of Plaintiff's Deposition. On September 4, 2013, Plaintiff wrote a statement that said "I Barbara J Johnson do hereby request for retirement from Wal-mart effective on 4 September 2013. My request is based on my husband's current illness who totally depends on my assistance with him at home." Docket No. 24-1, Ex. 29 to Plaintiff's Deposition. Also in the record is a letter from Plaintiff's husband's doctor which says that Plaintiff has been off work since 8/14/2013, her husband requires her assistance around the clock, and she will not be able to return to work for several months due to his medical issues and recovery needs. *Id.*, Ex. 33.

7

Plaintiff argues that Defendant gave her a choice to come back to work at a certain time or to retire. She admits that she could not come back to work at that certain time because someone had to stay with her husband to take care of him, although she argues she could have worked part-time. In her brief, Plaintiff argues that Wal-Mart has the ability to accommodate and allow employees to work part-time, although she offers no citation to the record for that fact. She also has not pointed to any authority which holds that Wal-Mart was required to allow her to work part-time under these circumstances.

Plaintiff has not demonstrated a genuine issue of material fact as to whether she was constructively discharged, and that claim is dismissed.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE